RACHAEL BUCK *v.* LAFAYETTE BUCK, *et als.*

1. PRESUMPTION OF LAW. *To what property subject of an agreement relates.* The widow and heirs of an intestate, if otherwise competent to contract, may agree, in writing, to divide his personal estate among themselves, and without evidence, other than the written agreement, the presumption would be that it applied to the whole estate.

2. PRACTICE. *Jury recalled for further instructions.* After failure of a jury to agree, at the instance of defendant, they were recalled, and further instructed by the Judge. No exception being taken to the additional charge,

*Held,* Not ground for reversal.

FROM PUTNAM.

Appeal from the Circuit Court. SAMUEL M. FITE, Judge.

DENTON for Rachel Buck.

E. L. GARDENHIRE for Lafayette Buck.

DEADERICK, J., delivered the opinion of the Court.

This is an action of replevin for corn claimed by plaintiff, the widow of Isaac Buck. Judgment was rendered against plaintiff, and she has appealed.

A few days after Isaac Buck's death, the widow and the children of said Isaac met, and to avoid the expenses of administration, agreed to divide his per-

sonal property amongst themselves, and accordingly entered into a written agreement, dated September 9, 1873, which specifies the articles set apart to said widow. At that time there was a growing crop of corn on the land, of which it is assumed by plaintiff she was entitled to a part, and none of which was received by her. The written agreement purports to make a distribution of all the effects and property amongst the children in equal parts, after taking out certain specified property allotted to the widow, and the Court instructed the jury, that if the parties undertook to make an agreement and division of the estate, and there is no other evidence than the written agreement itself, the presumption would be they intended to divide the whole estate, and if the parties were all of full age, and capable of contracting, they would be bound by their agreement, if it was not procured by fraud and oppression.

There was no error in this instruction.

Plaintiff offered the affidavits of jurors and Edward Buck, the former to prove that they were recalled by the Judge, after they had failed to agree, and further instructed at the instance of defendant's counsel, and that in consequence of these instructions, they agreed upon their verdict in favor of defendants.

It is not pretended that the instructions given at the request of defendant's counsel were erroneous, and there was no error in the act of recalling the jury, and giving further and fuller instructions. The Judge, no doubt, thought it was proper to give the instruc-

tions, and we cannot say that his action was not proper.

Edward Buck swears that the growing corn was not taken into consideration in the division of the property, and plaintiff makes affidavit that she did not know she could prove that fact by him until after the trial. If the fact were true, plaintiff knew it, and she also, necessarilly, knew that Edward Buck knew it, as he and she were parties to the agreement, and were both present at the division of the property.

Yet she was not herself examined, nor did she attempt to prove the fact by any of the several witnesses who were present at the division, and who must have known the fact if it was known to any one.

The Circuit Judge refused a new trial, and in this we think there was no error, and affirm the judgment.